**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **LAN WU,** ) | |
| **GARY GILLIAM,** ) | |
| **SCENIC ENTERPRISES, LLC.,** ) | |
|     Plaintiffs, ) | |
| vs. ) | No. 3:12-CV-0772-M-BH |
|  ) | |
| **FROST NATIONAL BANK** ) | |
|     Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Based on the relevant filings and applicable law, the claims of plaintiff Scenic Enterprises, LLC., should be **DISMISSED.**

**I. BACKGROUND**

On March 14, 2012, the Court received a complaint signed by Lan Wu and Gary Gilliam that lists Wu and Scenic Enterprises, LLC (Scenic), as the plaintiffs.[1] (doc. 3). By order dated March 15, 2012, the individual plaintiffs were advised, in relevant part:

> It appears that neither of the individuals who signed the complaint are licensed attorneys, so neither may represent the corporate plaintiff. The corporate plaintiff must appear through licensed counsel within **TWENTY** (20) days from the date of this order. If licensed counsel has not entered an appearance on behalf of the corporate plaintiff within that time, dismissal of its claims will be recommended.

(*See* doc. 19.) More than twenty days have passed, and no counsel has entered an appearance on behalf of Scenic.

---

[1] Although not initially listed as a plaintiff in this case, Gilliam filed a motion for leave to proceed *informa pauperis* on his own behalf on March 22, 2012. (*See* doc. 9.) He is therefore also a plaintiff.

## II. ANALYSIS

Although individual plaintiffs have the right to proceed *pro se*, corporations are fictional legal persons who can only be represented by licensed counsel. *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam); *Southwest Express Co., Inc. v. Interstate Commerce Commission,* 670 F.2d 53, 54-55 (5th Cir. 1982); *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981). It is well-settled that a corporation may not appear in federal court unless represented by an attorney. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (per curiam) (citing *Rowland* and *Southwest Express Co., Inc.*). The rationale for this rule applies equally to all artificial entities, including partnerships, associations and limited liability companies. *See Rowland*, 506 U.S. at 202 (partnerships and associations); *U.S. v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008) (limited liability companies); *Lattanzio v. COMTA*, 481 F.3d 137 (2d Cir. 2007) (limited liability companies). When this type of plaintiff declines to hire counsel to represent it, the court may dismiss its claims without prejudice to reasserting those claims if it later retains counsel. *See Memon*, 385 F.3d at 873.

In this case, the individual plaintiffs have been specifically advised that Scenic may only be represented by licensed counsel, and that the lack of an entry of appearance by counsel on its behalf within twenty days would result in a recommendation that its claims be dismissed. Because no attorney has entered an appearance on behalf of Scenic, its claims should be dismissed without prejudice.

## III. CONCLUSION

The Court should dismiss the claims of plaintiff Scenic Enterprises, LLC., without prejudice.

**SO RECOMMENDED on this 5th day of April, 2012.**

                                                   IRMA CARRILLO RAMIREZ
                                                   UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

       A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                   IRMA CARRILLO RAMIREZ
                                                   UNITED STATES MAGISTRATE JUDGE