IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAN WU, ) | |
| GARY GILLIAM, ) | |
| SCENIC ENTERPRISES, LLC., ) | |
| Plaintiffs, ) | |
| vs. ) | No. 3:12-CV-0772-M-BH |
| ) | |
| FROST NATIONAL BANK, ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

### I. BACKGROUND

Plaintiffs filed this action on March 14, 2012. After granting the individual plaintiffs leave to proceed *in forma pauperis*, the Court sent them a questionnaire (MJQ) on March 26, 2012, to obtain more information about their claims. (*See* doc. 11.) The MJQ specifically advised the individual plaintiffs that their answers to the questions were due within thirty days, and that a failure to timely file their answers could result in the dismissal of this case. *Id.* More than thirty days from the date of the questionnaire have passed, but the plaintiffs have not filed their answers or else in this case.

### II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court

calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiffs failed to comply with the March 26, 2012 order that they submit their answers to the MJQ within thirty days despite a warning that failure to do so could result in dismissal of the case. Nor have they filed anything else. Because they failed to follow a court order or otherwise show that they intend to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

### III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiffs file their answers to the MJQ within the time for objecting to this recommendation.

**SO RECOMMENDED on this 1st day of May, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2