**IN THE UNITED STATES DISTRICT COURT  
FOR THE NORTHERN DISTRICT OF TEXAS  
DALLAS DIVISION**

| | |
|---|---|
| LAN WU,  )  | |
| GARY GILLIAM,  ) | |
| SCENIC ENTERPRISES, LLC.,  ) | |
|       Plaintiffs,  ) | |
| vs.  ) | No. 3:12-CV-0772-M-BH |
| ) | |
| FROST NATIONAL BANK,  ) | |
|       Defendant.  ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Based on the relevant filings and applicable law, the claims of Gary Gilliam should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I.  BACKGROUND**

The plaintiffs filed this action on March 14, 2012. After granting the individual plaintiffs leave to proceed *in forma pauperis*, the Court sent them a questionnaire (MJQ) on March 26, 2012, to obtain more information about their claims. (*See* doc. 11.) The MJQ specifically advised the individual plaintiffs that their answers to the questions were due within thirty days, that the answers must be sworn, and that a failure to timely file their answers could result in the dismissal of this case. *Id.* After more than thirty days from the date of the MJQ passed without the plaintiffs filing their answers or else in this case, it was recommended on May 1, 2012, that this case be dismissed. (*See* doc. 13.) More than two weeks later, Plaintiff Gary Gilliam filed his answers to the MJQ, but his answers were not sworn as required by the MJQ. (*See* doc. 15.) Because he responded, the May 1, 2012 findings, conclusions, and recommendation of dismissal were vacated as to him only. (*See*

doc. 16.)[1]  On May 21, 2012, the Court sent Mr. Gilliam a notice of deficiency and order advising him that his answers to the first MJQ must be re-submitted under oath within 20 days. (*See* doc. 17.) It also sent him a second MJQ that specifically advised him that his answers were due within 20 days, that the answers must be sworn, and that a failure to timely file his sworn answers could result in the dismissal of this case. (*See* doc. 18.)  More than 20 days from the date of the notice of deficiency and order and the second MJQ have passed, but Mr. Gilliam has not filed his sworn answers to the first MJQ, his sworn answers to the second MJQ, or anything else.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Mr. Gilliam failed to comply with the May 21, 2012 order that he submit his sworn answers to the first and second MJQs within twenty days despite a warning that failure to do so could result in dismissal of the case.  Nor has he filed anything else.  His wife's claims have been dismissed for failure to similarly comply with an order.  Because Mr. Gilliam failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to

---

[1] Plaintiff Lan Wu did not respond, and the recommendation of dismissal of her claims was accepted on May 30, 2012. (*See* doc. 19.)

prosecute or follow orders of the court, unless Gary Gilliam files properly sworn answers to both of the MJQs within the time for objecting to this recommendation

**SO RECOMMENDED on this 15th day of June, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3